FILED
WILLIAMSON COUNTY
CLERK & MASTER
2018 NOV -2 PM 4:18

FILED FOR ENTRY

# STATE OF TENNESSEE
# SUMMONS

## IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| CHSPSC, LLC <br> **Plaintiff** | CIVIL ACTION NO. 47820 |
| **Plaintiff** <br> vs. <br> STEWARD HEALTH CARE SYSTEM LLC <br> **Defendant** | **Service By:** <br> ☐ Sheriff <br> ☐ Attorney <br> ☐ Sec. Of State <br> ☐ Comm. Of Insurance <br> X Private Process Server |
| **Defendant** | |
| **Defendant** | |

To the above named Defendant: Steward Health Care System LLC
c/o Register Agent CT Corporation System
300 Montvue Road
Knoxville, TN 37919

You are hereby summoned and required to serve upon John R. Jacobson plaintiff's attorney, whose address is 1906 West End Ave, Nashville, TN 37203 _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this 5 day of November, 2018.

_____
Clerk & Master

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O. Box 1666, Franklin, TN 37065.

EXHIBIT A

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

- [x] 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _SERVED UPON SAMANTHA SUTTON FOR CT CORPORATION_
- [ ] 2. I failed to serve a copy of this summons on the witness because _____
- [ ] 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _11/6/18_

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _Charles A McBee_
ADDRESS OF PROCESS SERVER (TRCP 4.01) _P.O. Box 34, Knoxville TN 37901_
Signature of Notary Public or Deputy Clerk: _____
Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the ____ day of _____, 20____.
I received the return receipt, which had been signed by _____
on the ____ day of _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____            _____
**Signature**                     **Address (TRCP 4.01)**

Sworn to and subscribed before me on this __ day of ____ 20____.

_____            Commission Expires: _____
**Signature of Notary Public or Deputy Clerk**

### CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

_____
**CLERK & MASTER**

For ADA assistance, please call ADA coordinator: 615-790-5428

| | |
|---|---|
| CHSPSC, LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No.: 47820<br>) |
| STEWARD HEALTH CARE SYSTEM LLC, | )<br>) |
| Defendant. | )<br>) |

COPY

## COMPLAINT

For its Complaint against Steward Health System LLC, Plaintiff state as follows:

1. CHSPSC, LLC is a Delaware Limited Liability Company with is principal place of business in Franklin, TN. CHSPSC provides consulting services to CHS/Community Health Systems, Inc.

2. Steward Health Care System LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas. Steward holds itself out to the public as the largest private, for-profit hospital operator in the United States.

3. Steward is subject to jurisdiction in this Court because Steward entered into contracts with Tennessee businesses that were to be performed in Tennessee. Steward also engaged in tortious activities directed at a company with Tennessee headquarters.

4. Pursuant to Tenn. Code Ann. §20-4-101, venue is proper in this Court because the causes of action arose in Williamson, County.

## FACTUAL ALLEGATIONS

5. Steward is a health care services organization that claims, among other health care businesses, to own and operate 38 community hospitals in nine states and the country of Malta. In

1

February of 2017, Steward entered into an Asset Purchase Agreement (the "APA") pursuant to which it agreed to purchase 8 hospitals from remote and indirect subsidiaries of CHS/Community Health Systems, Inc. Steward has a copy of the APA.

6. In an effort to ensure an orderly transition of control and operation of the hospitals, Steward and CHSPSC entered into transition services agreements ("TSAs"). The TSAs govern the parties' rights and obligations related to the transition of the hospitals' systems, including the information technology systems. Steward has a copy of the TSAs.

7. Steward's acquisition of the hospitals under the APA also involved its assumption of certain contracts to which the individual hospitals were parties. Those contracts included equipment and software leases that fall under the umbrella of a Master Lease Agreement. CHSPSC is the lessee under the Master Lease Agreement.

8. Upon the closing of the transaction, CHSPSC began performing its obligations under the TSAs. Steward has been habitually late in paying CHSPSC for the various TSA service fees, and Steward owes CHSPSC, at last calculation, at least $9,329,198.94 under the terms of the TSAs. That balance is calculated as follows:

- $2,737,978.83 billed June 1, 2018, for services rendered in May;
- $2,700,257.21 billed July 2 for services rendered in June;
- $1,155,442.44 billed August 1 for services rendered in July;
- $1,149,931.23 billed September 1 for services rendered in August;
- $844,080.00 billed September 13 for services rendered in July and August in Florida; and
- $741,509.23 billed October 1 for services rendered in September.

2

9. Notwithstanding its non-payment and although the TSAs have expired, Steward continues to use CHSPSC's transition services. For instance, the Information Technology Transition Services Agreements ("ITTSA") between Steward and PSC expired July 1, 2018, for the Ohio market, expired August 31, 2018, for the Florida market, and expired November 1, 2018 for Easton Hospital in Easton, Pennsylvania (collectively the "Expired Facilities"). Despite the fact that the ITTSA's for the Expired Facilities terminated, Steward has remained connected to the CHSPSC network without paying any additional fees. In fact, all of the Expired Facilities remain on the CHSPSC network and continue to obtain support and services from CHSPSC.

10. Steward appears to expect CHSPSC to continue to provide additional IT services at all of the eight divested facilities through at least the end of the year or even into 2019, despite Steward's multi-million dollar account payable.

11. Similarly, a Check Printing TSA expired no later than December 31, 2017, yet Steward continued to use those services after that date.

12. CHSPSC has had the contractual right to disconnect Steward under the expired TSA's since July 1, 2018, for the Ohio market, August 31, 2018, for the Florida market, and November 1, 2018 for Easton. Rather than terminate Steward's usage of the TSA services, however, CHSPSC, based on Steward's representations, provided Steward additional time to pay the amounts owed and to complete the data migration services.

13. Steward's representatives repeatedly assured CHSPSC that Steward was going to pay the amounts owed under the various TSAs. Steward's representatives made those representations with the intention that CHSPSC would rely on those statements. On information and belief, Steward never intended to pay the amounts it was accruing. CHSPSC reasonably relied

3

on Steward's representations in that regard, continuing to perform services and allowing Steward to remain connected to the CHSPSC network for operational purposes.

14. Steward has also failed to make payments on certain of the equipment and software leases it assumed in connection with its purchase of the hospitals, damaging CHSPSC. Under the terms of the APA, Steward purchased imaging equipment and software integral to the operation of the hospitals. Certain equipment and software purchased by Steward was financed through leases with CHG-Meridian.

15. Those leases, referred to as "PACS Leases," were clearly listed in the APA as Assumed Contracts i.e. contracts for which Steward assumed responsibility. As a result, Steward is responsible to CHG-Meridian for the lease payments. Nevertheless, Steward simultaneously disclaims responsibility for the Assumed PACS Lease Schedules while separately asking CHSPSC to assign the underlying PACS systems that are the very systems financed by the lease.

16. Steward's inconsistency is further demonstrated by its treatment of other lease schedules listed on Schedule 1.1(h) to the APA. At least six CHG – Meridian equipment lease schedules are identified on that Schedule as Assumed Contracts, including the four Assumed PACS Lease Schedules. All six CHG – Meridian lease schedules were part of the same Master Lease held by CHSPSC as lessee. All six were described similarly on the APA.

17. Steward's cessation of lease payments to CHG – Meridian for the Assumed PACS Lease Schedules jeopardized CHSPSC's relationship with the lessor under CHSPSC's master lease. As a result of Steward's refusal to make the required lease payments, and to avoid being sued, CHSPSC paid CHG – Meridian $306,267.47 to satisfy the lease payments.

4

18. The APA provides that Steward must indemnify CHS/CHSI and its "Affiliates" for any loss incurred as a result of, or in connection with, any of the Assumed Liabilities, Assets, or Steward's failure to perform. CHSPSC is an "Affiliate" under the APA.

19. The lease payments under the Assumed Contracts are Assumed Liabilities under the APA. Steward is therefore obligated to indemnify CHSPSC by paying CHSPSC $306,267.47. This amount increases $31,870.98 each month that Steward refuses to make the lease payments to CHG-Meridian.

20. Steward has also failed to pay for telecommunications services that are Steward's responsibilities. Under the APA, Steward is responsible for all utilities servicing any Assets purchased by Steward that accrue after the Effective Time of the APA. Steward has failed to pay at least $2,101,657.69 for telecommunications services that are Steward's responsibility, causing CHSPSC significant damage. CHSPSC is entitled to indemnity.

## COUNT I
### Fraud

21. CHSPSC alleges and incorporates by reference the allegations set forth above.

22. Recognizing that CHSPSC was prepared to terminate the TSAs and contemporaneously cut off Steward's access to CHSPSC's network, Steward's representatives materially misrepresented facts to CHSPSC.

23. Steward's agents promised CHSPSC that Steward was going to fulfill its payment obligations under the TSAs if CHSPSC continued to perform and left Steward's access to CHSPSC's network active.

24. Steward's agents made those representations when, on information and belief, Steward never intended to pay CHSPSC or otherwise fulfill its obligation under the TSAs.

25. CHSPSC reasonably relied on Steward's representations in that regard, continued

5

performing under the TSAs and allowed Steward continued access to its network.

26. As a direct and proximate result of its reliance on Steward's misrepresentations, CHSPSC incurred damages.

## COUNT II
## Breach of Contract (TSAs)

27. CHSPSC alleges and incorporates by reference the allegations set forth above.

28. The TSAs are binding contracts between Steward and CHSPSC. CHSPSC has fulfilled its obligations under the TSAs.

29. Steward has accepted the benefits of the TSAs without paying the agreed upon consideration to CHSPSC.

30. Steward's failure to pay CHSPSC is a breach of the TSAs, and CHSPSC has incurred damages as a direct and proximate result of Steward's breaches.

31. CHSPSC is entitled to recover its reasonable attorneys' fees and costs under the TSAs.

## COUNT III
## Declaratory Judgment

32. CHSPSC alleges and incorporates by reference the allegations set forth above.

33. As a result of the dispute between the parties, an actual and justiciable controversy exists.

34. CHSPSC is entitled to terminate the TSAs, cease providing transaction services, and terminate Steward's access to its network.

35. Steward, however, maintains that CHSPSC cannot cease providing services even though Steward is months and millions of dollars in arears and even though the TSAs have expired because doing so may impact patient care and clinical services.

36. Without a prompt determination of the parties' respective rights and obligations, CHSPSC cannot know with certainty whether it is exposing itself to liability by enforcing its contractual rights and terminating Steward's access to CHSPSC's network.

37. CHSPSC is entitled to a declaration that CHSPSC may terminate Steward's access to its network.

38. A speedy hearing under Rule 57 of the Tennessee Rules of Civil Procedure and a declaratory judgment will clarify and settle the parties' respective legal rights and obligations. A declaratory judgment will afford CHSPSC relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

39. CHSPSC is entitled to recover its reasonable attorneys' fees and costs under the TSAs.

## COUNT IV
### Unjust Enrichment Regarding Transition Services

40. CHSPSC alleges and incorporates by reference the allegations set forth above.

41. To the extant any of the transition services provided by CHSPSC falls outside the terms of the respective TSAs, CHSPSC has conferred a valuable benefit on Steward by providing transition services.

42. Steward received and appreciated the benefit of CHSPSC's services.

43. Steward accepted the benefit of CHSPSC'S services under circumstances that it would be inequitable for Steward to retain the benefit without payment to CHSPSC.

44. CHSPSC has been damaged as a direct and proximate result of Steward's retention of the benefit without compensation.

7

## COUNT V
### Indemnity

45. CHSPSC alleges and incorporates by reference the allegations set forth above.

46. Steward assumed various equipment and software leases in connection with the APA. The assumed leases included PACS leases with CHG-Meridian. Those leases are Assumed Contracts under the APA, and the lease payments owed under the contracts are Assumed Liabilities.

47. CHSPSC is the lessee under the Master Lease Agreement with CHG-Meridian.

48. At closing, Steward assumed control over the equipment and software that was financed through the referenced leases.

49. Steward refused to make the required lease payments to CHG-Meridian.

50. CHSPSC paid $306,267.47 to CHG-Meridian to satisfy the lease and to avoid being sued by CHG-Meridian.

51. Further, under the APA, Steward is responsible for all utilities servicing the Assets after the Effective Time. Steward has not paid at least $2,101,657.69 in telecommunications services that are Steward's responsibility, causing CHSPSC significant loss.

52. CHSPSC is an Affiliate under the terms of the APA, which requires Steward to indemnify Affiliates for any losses incurred in connection with Assumed Liabilities, Assets, or Steward's failure to perform.

53. CHSPSC is entitled to indemnity in connection with the CHG-Meridian Leases and the telecommunications services and to recover its reasonable attorneys' fees and costs.

## COUNT VI
### Unjust Enrichment Regarding PACS Equipment and Software Leases

54. CHSPSC alleges and incorporates by reference the allegations set forth above.

8

55. Alternatively, CHSPSC conferred a valuable benefit on Steward by paying the amounts owed to CHG-Meridian for the PACS equipment and software.

56. Steward appreciated and received the benefit conferred by CHSPSC.

57. Steward accepted the benefit of CHSPSC's lease payments under circumstances that it would be inequitable for Steward to retain the benefit without payment to CHSPSC.

58. CHSPSC has been damaged as a direct and proximate result of Steward's retention of the benefit without compensation.

### COUNT VII
### Unjust Enrichment Regarding Telecommunication Services

59. CHSPSC alleges and incorporates by reference the allegations set forth above.

60. Alternatively, CHSPSC has conferred a valuable benefit on Steward by paying for telecommunications services at the divested facilities.

61. Steward received and appreciated the benefit of CHSPSC's services.

62. Steward accepted the benefit of CHSPSC's services under circumstances that it would be inequitable for Steward to retain the benefit without payment to CHSPSC.

63. CHSPSC has been damaged as a direct and proximate result of Steward's retention of the benefit without compensation.

**WHEREFORE**, Plaintiff demands the following relief:

1. That, pursuant to Rule 57 of the Tennessee Rules of Civil Procedure, the Court conduct a speedy hearing on CHSPSC's declaratory judgment count and enter an Order, declaring that CHSPSC has fulfilled its obligations to Steward, is relieved from any further performance under the TSAs, and may terminate Steward's access to its network;

2. That the Court award Plaintiff compensatory damages in an amount to be established at trial;

9

3. That the Court award Plaintiff punitive damages in an amount to be established at trial;

4. That the Court award Plaintiff the attorneys' fees and costs it incurs in this action; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*John R. Curtis* (signature)

John R. Jacobson (BPR 14365)
Andrew Curtis (BPR 31436)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Phone: (615) 320-3700
Fax: (615) 320-3737
jjacobson@rwjplc.com
acurtis@rwjplc.com

*Attorneys for CHSPSC, LLC*

10